## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | | |
| Plaintiff, | | |
| v. | | **Case No: 17-03067-01-CR-S-RK** |
| **MICHAEL SINGLETARY,** | | |
| Defendant. | | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on July 27, 2018. For the reasons set forth below, and under the factors set out in 18 U.S.C. § 3553(a) and the plea agreement, the Government respectfully recommends that this Court sentence the defendant, Michael Singletary, to a term of imprisonment of 57 months for his conviction for assault with a deadly and dangerous weapon with the intent to do bodily harm, in violation of Title 18, United States Code, Section 113(a)(3), with credit for time served since April 8, 2017, the date the defendant committed this offense. The Government also recommends that this term of imprisonment run consecutively to any other term of imprisonment the defendant is currently serving, including his 144-month term of imprisonment from his convictions under case number 12-CR-00798-001-YGR from the United States District Court of the Northern District of California. The Government further recommends that such term of imprisonment be followed by a three-year term of supervised release.

# I.  BACKGROUND

On May 11, 2017, a grand jury seated in Springfield, Missouri, returned an indictment against the defendant, Michael Singletary, for one count of assault with a deadly and dangerous weapon with the intent to do bodily harm.  (D.E. 1.)[1]

On November 14, 2017, the defendant pleaded guilty to the sole count of the indictment pursuant to a plea agreement.  (D.E. 21, 24.)  The United States Probation Office submitted its draft presentence investigation report ("PSR") on January 25, 2018.  The defendant objected to the draft PSR (PSR Adden.)[2] and the Probation Officer filed the final PSR on February 22, 2018. (D.E. 29.)  The sentencing hearing is scheduled for July 27, 2018.  (D.E. 31.)

## II.  FORMULATION OF THE DEFENDANT'S SENTENCE

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines should be applied in an advisory fashion to meet constitutional demands. *Id.* at 258.  While this Court is not bound to impose a sentence based solely on the Guidelines, the Court "nevertheless must consult the Guidelines to calculate a defendant's sentence because the Guidelines are the critical starting point for fashioning a reasonable sentence [under the statutory sentencing factors]."  *United States v. Gregg*, 467 F.3d 1126, 1128 (8th Cir. 2006) (internal quotation omitted).  Pursuant to the Sentencing Guidelines, the Court "shall determine the kinds of sentencing and the guideline range as set forth in the guidelines by applying the provisions of this manual . . . ."  U.S.S.G. §1B1.1(a).  After considering the Sentencing Guidelines, the Court,

---

[1]"D.E." refers to the docket entry of the instant district court criminal case, case number 17-03067-01-CR-S-RK, and any associated documents.

[2]"PSR Adden." refers to the presentence investigation report addendum, filed on February 22, 2018.

"shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole." U.S.S.G. §1B1.1(c); *see also* 18 U.S.C. § 3553(a).

After making that determination, the district court, utilizing the § 3553(a) sentencing factors, can impose a more severe or more lenient sentence, as long as it is reasonable. *See Booker*, 543 U.S. at 263-65. The § 3553(a) factors relevant to this matter are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established [under the Sentencing Guidelines]; [and] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a).

Upon correctly calculating the Guidelines range, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of a sentencing set forth in 18 U.S.C. § 3553(a). *Id.* As explained below, a consecutive sentence of 57 months' incarceration satisfies the criteria set forth in § 3553(a) and is a reasonable and just sentence given the facts and circumstances of the case now before this Court.

## III. DISCUSSION

### A. Statutory and Guidelines Calculations

As a result of the defendant's plea, his statutory maximum sentence for the class C felony of assault with a deadly and dangerous weapon the intent to do bodily harm, pursuant to 18 U.S.C. § 113(a)(3) is not more than ten years' imprisonment. (PSR 17, ¶ 76.) The PSR assessed the defendant a criminal history score of 14, and found that the defendant's criminal history category

3

was IV and the total offense level was 18.  *Id*. at 6, 12, ¶¶ 23, 41.  The PSR stated the Court may impose a term of supervised release of not more than three years for the defendant's conviction. *Id*. at 16, ¶ 80.   Based on the defendant's criminal history category of IV and a total offense level of 18, the Guidelines imprisonment range is 57 months to 71 months within Zone D of the Sentencing Table, with the defendant ineligible for probation, and a Guidelines supervised release term of one year to three years for the sole count of the indictment.  *Id*. at 16, ¶¶ 77, 80-83.  While the defendant lodged several objections to the PSR, none of those objections impacted the Guideline Range calculations.   (PSR Adden. 1-2.) The Government concurs with the PSR assessment.

**B.**    **Statutory Sentencing Factors**

   ***1.*    *Nature and Circumstances of the Offense and History of the Defendant***

The Government's recommended sentence appropriately reflects "[t]he nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  "In fashioning a 'sentence sufficient, but not greater than necessary,' 18 U.S.C. § 3553(a), 'district courts are not only permitted, but required, to consider the history and characteristics of the defendant.'" *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009) (quoting *United States v. White*, 506 F.3d 635, 644 (8th Cir. 2007)).  Consequentially, "factors such as a defendant's age, medical condition, prior military service, family obligations . . . etc., can form the bases for a variance even though they would not justify a departure."  *Id*. at 830-31 (citing *United States v. Ryder*, 414 F.3d 908, 920 (8th Cir. 2005)).

The PSR and the factual basis contained in the plea agreement thoroughly discussed the nature and facts of this case.  (PSR 4-5, ¶¶ 4-8; D.E. 24, ¶ 3.)  In this particular case, the defendant, while incarcerated at the United States Medical Center for Federal Prisoners ("USMCFP"),

4

became involved in an ongoing feud with another inmate. Both the defendant and the other inmate had violent criminal histories and had both served a considerable period of their life incarcerated in various state and federal institutions. Based on statements taken from various witnesses and individuals at the USMCFP, both the defendant and the victim had exchanged verbal threats and abuse for an extended period of time. This assault was the culmination of two individuals who had repeatedly tried to exert their dominance over one another while serving their prison sentences.

The defendant will be 57 years old on the date of his sentencing. (PSR 3.) He has a criminal history score of 14 and a criminal history category of IV. *Id*. at 12, ¶ 41. The defendant's criminal history score underrepresents his criminal history, as it does not account for numerous older convictions between 1979 and 1994. *Id*. at 7-9, ¶¶ 26-34. His criminal history score does, however, account for his 2012 federal convictions for felon in possession of a firearm and ammunition and obstruction of justice, and the fact that he was serving his sentence for those convictions at the time of this offense. *Id*. at 11, ¶ 38. The defendant's criminal history proves he is a dangerous and violent individual who has been committing crimes throughout much of his adult life.

Despite receiving various sentences for his crimes, from probation to a 144-month term of imprisonment, the defendant continues to commit crimes. These past convictions, and his continued illegal conduct while in custody, exhibit his disregard for the judicial system, for law enforcement, and for the safety and well-being of others.

The defendant reported he was raised by his mother and his maternal grandparents. *Id.* at 14, ¶ 62. The defendant advised that he has few memories of, and little contact with his father. *Id.* at 14, ¶ 63. He stated that he and his siblings were physically abused by another male, who was involved with his mother, and his father eventually took custody of him and his siblings. *Id.*

5

at 14, ¶¶ 63-64. The defendant stated he then began running away from home because, "things were bad at his father's house." *Id.* at 14, ¶ 64. Finally, the defendant advised that when he was not incarcerated, he was sleeping in "dope houses." *Id.* at 14, ¶ 66.

The defendant stated he has high blood pressure and has also had his left knee replaced. *Id.* at 15, ¶ 68. Additionally, the PSR documented that the defendant does not have any known mental or emotional health issues. *Id.* at 15, ¶ 69.

The defendant also detailed his history of experimenting with drugs and alcohol at the age of 13, when he ran away from his father's home. *Id.* at 15, ¶ 70. He further stated that he has used or consumed powder cocaine, crack cocaine, heroin, ecstasy, marijuana, and alcohol when they are available to him, but his drug of choice is methamphetamine. *Id.* at 15, ¶ 70. The defendant advised that he has never attended drug counseling. *Id.* at 15, ¶ 71.

In making its recommendation, the Government has taken into consideration the instant offense, the defendant's relevant conduct, and his criminal history. The Government believes that its recommendation reflects the appropriate balance between any possible mitigating factors and the nature of his current conduct.

The Guidelines range in this case is 57 months to 71 months. The Government respectfully asserts that a sentence of 57 months, consecutive to his current sentence from the Northern District of California, with a recommendation for credit for time served, is appropriate given the nature and circumstances of this case and the defendant's history.

### 2. ___Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense___

The recommended sentence also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

6

Such considerations reflect the need for retribution, the need to make the punishment fit the crime, and the need not just to punish, but to punish justly.

In this case, the seriousness of the defendant's crime is reflected in the actions described above, as well as in statute and the Sentencing Guidelines. The defendant's assault subjects him to a maximum ten-year prison sentence. 18 U.S.C. § 113(a)(3).

While the Sentencing Guidelines consider the actions of the defendant when determining a sentencing range, his criminal history and conduct in this case reveal a longstanding pattern of illegal and violent conduct, throughout the vast majority of his life. The defendant committed the instant offense while he was serving a federal sentence for felon in possession of a firearm and ammunition, and obstruction of justice. Despite the significant punishment he received for his prior crimes, and despite the varying sentences he has received for his earlier offenses, the defendant continues to physically harm others, no matter the environment, and his actions in this case demonstrate a lack of respect for the law, as well as his determination to continue his illegal activity.

Based on the defendant's history and actions, the Government's request for a sentence of 57 months' imprisonment, consecutive to the federal sentence he was serving at the time of this offense reflects the seriousness of the offense, promotes respect for the law, and provides punishment that is sufficient, but not greater than necessary.

### 3. *Need to Afford Adequate Deterrence to Criminal Conduct*

While the Government asserts that the defendant's sentence should reflect a need to "afford adequate deterrence to criminal conduct," candidly, a 57 to 71 month sentence is unlikely to specifically deter this defendant from committing further crimes, given the sentences he has received in the past. *See* 18 U.S.C. § 3553(a)(2). The defendant's violent criminal history and his

7

commission of this assault while in the custody of the Bureau of Prisons for a 144-month sentence demonstrate that, to this point, he has not received a sentence serious enough to deter his future criminal conduct. However, making a 57 month sentence consecutive to his current term of imprisonment may provide such deterrent not just to him, but to other individuals considering similar conduct.

While it is impossible to truly determine if others will be deterred from committing future crimes, a 57-month consecutive sentence will specifically deter this defendant from committing additional crimes for such period of time, at least outside the confines of the Bureau of Prisons. In this case, a period of incarceration is essential to both protect the community and educate this defendant that any future criminal behavior will ensure even lengthier periods of incarceration moving forward. Given the need to afford adequate deterrence against future criminal conduct, the Government respectfully requests a consecutive sentence of 57 months' imprisonment for his conviction with credit for the time the defendant has already served since being indicted for this particular offense.

### 4. *Need to Protect the Public from Further Crimes of the Defendant*

"Adequate protection is a function of two variables: the level of risk that conduct will occur and the level of harm that will be inflicted if that conduct does occur." *United States v. Irey*, 612 F.3d 1160, 1217 (11th Cir. 2010) (citing *United States v. Boyd*, 475 F.3d 875, 877-78 (7th Cir. 2007)). Through his violent criminal history and his assault of another inmate in the Bureau of Prisons, the defendant has shown that he is a danger to the community. While this assault was the culmination of an ongoing feud between two federal inmates, this assault demonstrates the defendant's violent tendencies. A 57-month sentence consecutive to his current 144-month sentence will at least protect the public from future crimes of this defendant for that period of time.

8

**5.** ***Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct***

A consecutive sentence of 57 months would "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). From the outset, a correct calculation of the Guidelines range protects against *unwarranted* disparities among *similarly situated* defendants. *See Gall v. United States*, 552 U.S. 38, 55 (2007) ("avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges") (emphasis added).

18 U.S.C. § 3584(a) presumes that, "Multiple terms of imprisonment imposed at different times run consecutively" unless the court orders otherwise. Further, U.S.S.G. §5G1.3(a) states, "If the instant offense was committed while the defendant was serving a term of imprisonment… the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." Given the statutory presumption, and the Guidelines mandate, for a consecutive sentence under these circumstances, the Government believes that its recommendation of a within-Guidelines, consecutive, sentence of 57 months reflects an outcome that is consistent with sentences received by those with similar criminal history and conduct.

## IV. CONCLUSION

Ultimately, 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory Guidelines range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to specifically deter this defendant from future criminal conduct, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

9

Accordingly, the Government respectfully requests that this Court impose a sentence of 57 months' imprisonment, consecutive to his current 144-month sentence, with credit for time already spent in custody for this offense, to be followed by a three-year term of supervised release.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

*/s/ Patrick Carney*
Patrick Carney
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417) 831-4406

10

## CERTIFICATE OF SERVICE

     I hereby certify that on this the 18th day of July 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Patrick Carney*
Patrick Carney
Assistant United States Attorney

Case 6:17-cr-03067-RK   Document 33   Filed 07/18/18   Page 11 of 11