IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 17-03067-01-CR-S-RK |
| | ) | |
| Michael SIngletary, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**INTRODUCTION**

COMES NOW the Defendant, Michael Singletary, who submits this sentencing memorandum in support of Defendant's position for sentencing. The Presentence Investigation Report provided by the United States Probation Office correctly calculates Mr. Singletary's offense level at 18, with a criminal history level of VI, thus qualifying Mr. Singletary for a sentencing guideline range of 57 to 71 months. The Defendant, by and through counsel, implores this Court to evaluate all 18 U.S.C. §3553 factors in determining an adequate sentence.

**STATEMENT OF THE CASE**

Defendant was indicted on one count in the District of Western Missouri, Southern Division, on May 11th, 2017. He plead guilty to that count, charging him with assault with a deadly and dangerous weapon with intent to do bodily harm on November 14, 2016.

## STATEMENT OF FACTS

The offense for which this Court is sentencing Mr. Singletary involves an ongoing feud between Mr. Singletary and another inmate at the United States Medical Center for Federal Prisoners, in Springfield, Missouri.

## CHARATERISTICS OF MR. SINGLETARY

As a child, Michael never had a chance. He has lived in a world that from his perspective has never accepted him. Early on his biological father was not a part of his life. His poor Irish mother was left raising him and his siblings until she met a man who treated him as a second-class child in his own home. After his mother's death at 11, he was reunited with his biological father, who also did not have the time or patience to attend to a pre-teen boy. Always wanting to fit in but having never been accepted, he began running the neighborhood streets with other troubled kids. They were all white. He identified as white. He was never accepted by his African American peers. He was used as a tool by his "friends" which accounts for a substantial part of his criminal history. He longed to be accepted as a teenager, bouncing from couch to couch and doing what he felt was necessary to get by. He wanted to be accepted as an 18-year-old when he was first incarcerated as an adult. He was not. His lack of an identity left him destitute, addicted, and convicted. He has only known life on the outskirts; the life of a tool to be used by those whom he wanted to fit in with most. The adults who raised him and the only friends he has ever had have always used him for their own nefarious purposes. They have never cared for him. Consequently, he has never cared about himself.

Over the last thirty years in and out of prisons, there have been rare moments of self-respect and a sense of self-importance. When he accepted the agreement that he was offered, he experienced one of those instances. He views the agreement as a last chance to prove himself to the world. He now believes he can live in society, he can abide by the rules, and he can be happy with himself.

## THE UNITED STATES SENTENCING GUIDELINES

The Supreme Court issued its decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), over a decade ago. While issues remain regarding the role of the Sentencing Guidelines, it is clear that there is no presumption favoring the guidelines in the District Court. As stated in Rita v. United States, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007), "the sentencing court does not enjoy the benefit of a legal presumption that the guideline sentence should apply." There is "no thumb on the scale in favor of a guideline sentence." United States v. Wachowiak, 496 F.3d 744, 749 (7th Cir. 2007). See also United States v. Glover, 431 F.3d 744, 752-753 (11th Cir.2005); United States v. Rita, 127 S.Ct. at 2474 (Stevens, J. concurring) ("I trust that those judges who have treated the guidelines as virtually mandatory during the post-Booker interregnum will now recognize that the guidelines are truly advisory.").

## 18 U.S.C. §3553 FACTORS

It is respectfully requested that this Court consider, along with the U.S. Sentencing Guidelines, the following factors and analysis and grant the defendant a sentence necessary to comply with 18 U.S.C. § 3553.

As indicated, supra, as a result of Booker/Fanfan and Gall/Kimbrough, trial courts are no longer required to impose a sentence "within the ranges" provided in the United States Sentencing Guidelines. The recent United States Supreme Court decisions have given District Court Judges the ability to fashion a sentence that he or she feels is appropriate for each specific defendant.

18 U.S.C. §3553(a) mandates that the Court "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in the second paragraph of that same statute. A district court's job is not to impose a 'reasonable' sentence it should impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task." United States v. Foreman, 436 F.3d 638, 644 n.1 (6th Cir. 2006) In Rita v. United States, 127 S. Ct. 2456, 2463 (2007), the Court summarized the factors found in that second paragraph: the "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution. See also United States v. Hunt, 459 F.3d 1180, 1182 (11th Cir. 2006).

## Application of § 3553(a) to Mr. SIngletary's Case

The Defendant puts forth the following as recommendations addressing the sentencing factors the Court is now at liberty, but certainly not required to consider. As stated above Michael comes from a broken home with significant unresolved identity issues that have dictated his poor decision making thus far. He is a man who by all appearances appears African American but, identifies as Caucasian; a man who goes above and beyond to gain favor with the crowd he is seeking to fit in with, be it by committing burglaries and robberies as a young man, as a supposed member of the COCO Boys, or by committing the instant offense, which investigators believed was brought on not only by a feud between Mr. Singletary and the victim but by a feud between a friend of Mr. Singletary's and the victim.

A sentence below the guideline range can satisfy the basic aims of sentencing. Mr. Singletary has a significant amount of time remaining on the sentence which he was serving at the time of the instant offense. He will not be released on that case until 2023. If the court believes that the application of U.S.S.G sec. 5G1.3(a) and 18 U.S.C. sec. 3584(a) should apply to Mr. Singletary's case, then any sentence extends his imprisonment. Mr. Singletary is hopeful that the Court will run this sentence concurrent to his existing sentence so that he can prove himself.

Deterrence in this instance is difficult to gauge. It is conceded that any sentence on this case will likely meet the goal of general deterrence, however there are ample sociological studies that

conclude that at some point in a man's life when his criminal behavior fizzles out.  Mr. Singletary is of an age where most would predict his life of hurting others and committing crimes has come to an end.  As previously stated, he will not be released until 2023, making him 62 years old at the time of his release on his other federal case.

## Conclusion

Even when the Sentencing Guidelines were mandatory, sentencing courts were to treat all defendants before them as individuals. In Koon v. United States, 518 U.S. 81, 113 (1996), the Supreme Court held "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." The decision in Booker and the mandate of the statute to impose a sentence that is "sufficient, but not greater than necessary," has given sentencing courts greater latitude to impose a sentence that fits the crime and the individual before the court.

Based on the foregoing, the Defendant respectfully requests that this Honorable Court exercise its judgment to sentence Mr. Singletary to a period of incarceration sufficient, but not greater than necessary to reach the ends of justice.

Respectfully submitted,


__/s/ Brady A. Musgrave_____

Brady A. Musgrave, Mo Bar No. 51937

Attorney for Defendant

400 E. Walnut, Suite 130

Springfield, MO  65806

417-866-0110

417-866-7667

Date: July 23, 2018___

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

_____/s/ Brady A. Musgrave_____

BRADY A. MUSGRAVE